**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CR-0111-CVE |
| | ) | (08-CV-0261-CVE-FHM) |
| ALEX SONNI GLOVER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On May 2, 2008, defendant Alex Sonni Glover, a federal prisoner appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 46). Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**I.**

On July 8, 2005, a federal grand jury returned a one-count indictment against Glover charging him with possession of a firearm after former felony conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The indictment alleged that Glover had previously been convicted of the following felonies:

1. Robbery with Firearm after former Conviction of Felony on December 3, 1973, in case No. CRF-73-1505 in the 14th Judicial District Court, Tulsa County, State of Oklahoma,

2. Driving Under the Influence 2d - Liquor - Felony on March 11, 1996, in case No. CF-TU-95-004660 in the 14th Judicial District Court, Tulsa County, State of Oklahoma,

> 3. Driving Under the Influence - 2d - Liquor - Felony on April 19, 1999, in case No. CF-TU-99-001037 in the 14th Judicial District Court, Tulsa County, State of Oklahoma . . . .

Dkt. # 2, at 1. Glover pled guilty on October 6, 2005 and his sentencing was set for January 5, 2006.

The Probation Office prepared a presentence investigation report and identified a total of seven previous felony convictions. In addition to the felonies listed above, defendant had previously been convicted of:

- March 11, 1966 -- Larceny from a Person, Clark County, Nevada District Court Case Number 5148;

- November 18, 1966 -- Robbery with Firearms, Tulsa County District Court, State of Oklahoma, Case No. 22248;

- October 2, 1973 -- Grand Larceny, Okmulgee County District Court, State of Oklahoma, Case No. CRF-73-48;

- December 16, 1977 -- Conspiracy, Interstate Transportation of Forged Securities, United States District Court for the Northern District of Oklahoma, Case No. 73-CF-132.

The Court determined that five of Glover's prior felony convictions constituted violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") and defendant faced a minimum mandatory sentence of 15 years, or 180 months, in prison. The Court found that defendant's two convictions for robbery with a firearm were clearly violent felonies and defendant did not dispute the Court's finding. However, defendant argued that driving under the influence ("DUI") and larceny from a person were not violent felonies, and the ACCA was inapplicable. The Court followed United States v. Moore, 420 F.3d 1218 (10th Cir. 2005), and treated Glover's DUI convictions as violent felonies. The Court also overruled defendant's objection to treating larceny from a person as a violent felony and stated:

> As to the defendant's conviction for larceny from a person, the defendant is correct in his objection that the robbery count in that case was dismissed. However, he states that the robbery count was dismissed because the crime did not constitute a robbery. When the defendant committed the offense in question, he observed the victim, he grabbed the victim's money in a casino. When the victim resisted, he then twisted her arm and removed the victim's money. Pursuant to 18 U.S.C. Section 924(e)(2)(B), a violent felony is defined in part as follows: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."
>
> In this case, the defendant was convicted of larceny from a person and sentenced to two years probation. Several circuits have held that the offense, larceny from a person, and similar offenses are crimes of violence because they inherently involve the serious potential risk of injury to others, <u>United States v. Howze</u>, H-O-W-Z-E, 343 F.3d, 919, 923 to -24 (7th Cir. 2003); <u>United States v. Griffith</u>, G-R-I-F-F-I-T-H, 301 F.3d 880, 885 (8th Cir. 2002); <u>United States v. Payne</u>, P-A-Y-N-E, 163 F.3d 371, 374 through -75 (6th Cir. 1998); <u>United States v. Hawkins</u>, 69 F.3d 11, 13 (5th Cir. 1995); <u>United States v. De Jesus</u>, 984 F.2d 21, 23 through 25 (1st Cir. 1993); and <u>United States v. Mobley</u>, M-O-B-L-E-Y, 40 F.3d 688 (4th Cir. 1994). Based upon the conduct of the defendant in that offense, the Court finds that Subsection 3 applies to the defendant in this case. In total, the [ACCA] is applicable because the defendant has five convictions, four [sic -- should be "five convictions for"] crimes of violence.

Dkt. # 38, at 6-7. Based upon the Court's finding that defendant was subject to a sentencing enhancement under the ACCA, the Court imposed a sentence of 180 months.

Glover appealed to the Tenth Circuit and argued that his prior convictions for DUI and larceny from a person were not violent felonies under the ACCA. The Tenth Circuit affirmed this Court's sentence and found that the challenged convictions qualified as violent felonies under the ACCA. The Tenth Circuit declined to revisit <u>Moore</u> and reaffirmed that "felony DUI convictions constitute violent felonies under the ACCA because they necessarily involve 'serious potential risk of physical injury to another.'" Dkt. # 43, at 7. Following the cases by this Court, the Tenth Circuit also held that larceny from a person involved a risk of serious physical injury to another person and it could be treated as a predicate offense under the ACCA.

3

On April 16, 2008, the Supreme Court issued its decision in United States v. Begay, 128 S. Ct. 1581 (2008), and held that DUI was not a violent felony under the ACCA. DUI was not sufficiently similar to other crimes listed in § 924(e)(2)(B)(ii), such as burglary, arson, or extortion, to evince a clear congressional intent to treat DUI as a violent felony. Id. at 1585-86. Glover filed a motion under § 2255 asserting that he should be resentenced, because his DUI convictions were improperly used to enhance his sentence. Dkt. # 46. He also reasserted his argument that larceny from a person is not a violent felony.

The Tenth Circuit issued its decision denying Glover's appeal on January 10, 2007. Glover's conviction became final on May 14, 2007 when the Supreme Court denied his petition for writ of certiorari. Clay v. United States, 537 U.S. 522, 527 (2003). Glover filed his motion to vacate, set aside, or correct sentence pursuant to § 2255 on May 2, 2008. Therefore, Glover's motion was filed within the one year statute of limitations provided by § 2255, and his motion is timely.

**II.**

Defendant claims that he should be resentenced without application of the ACCA because, under Begay, this Court erred by treating his DUI convictions as violent felonies. He also argues that larceny from a person should not be considered a violent felony. However, the Court must initially determine whether either argument may be raised in a § 2255 motion. Defendant has not framed his arguments in terms of ineffective assistance of counsel, nor would he have grounds to do so, because his counsel raised both arguments before this Court and the Tenth Circuit.

The ACCA is a sentencing provision requiring a court to impose a mandatory minimum sentence of 15 years if a defendant has "three previous convictions by any court referred to in

section 922(g)(1) of this title for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Violent felony is defines as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

Id. at § 924(e)(2)(B). The Tenth Circuit determined that DUI was a violent felony under the ACCA, because DUI presented a "serious potential risk of physical injury." United States v. Begay, 470 F.3d 964, 970 (10th Cir. 2006). However, the Supreme Court reversed the Tenth Circuit and held that a prior DUI conviction could not be treated as a violent felony under the ACCA. Begay, 128 S. Ct. 1581. The Supreme Court noted that DUI did not fall with the statutory definition of a violent felony nor was it similar to other offenses specifically listed in § 924(e)(2)(B). Id. at 1584 ("we should read the examples as limiting the crimes that clause (ii) covers to crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves"). In contrast to crimes such as burglary or arson, which require some element of violence, DUI is comparable to a strict liability offense and an offender can be convicted without engaging in any purposefully dangerous or violent conduct. Id. at 1586-87. The legislative history of § 924(e) also suggested that Congress did not intend for the statute to cover every offense that involved a risk of harm to others. Id. at 1586. Although the Supreme Court appreciated that drunk drivers pose a risk to others, it

concluded that DUI was not the type of offense covered by the statutory term "violent felony" and thus, a DUI conviction could not be used as a predicate offense under the ACCA.

In this case, the Court considered defendant's two prior convictions for DUI as violent felonies when it sentenced him to the mandatory minimum required under the ACCA and defendant's conviction became final before the Supreme Court issued its decision in Begay. To determine if defendant can seek relief based on the rule announced in Begay through a § 2255 motion, the Court must consider whether Teague v. Lane, 489 U.S. 288 (1989), applies and, if so, whether defendant can rely on Begay as a basis for relief in collateral proceedings. In Teague, the Supreme Court held that new rules of criminal procedure are generally inapplicable to cases on collateral review. Id. at 305-06. The Supreme Court has subsequently clarified that a "new rule applies retroactively in collateral proceedings only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceedings." Whorton v. Bockting, 127 S. Ct. 1173, 1180 (2007). An example of a new substantive rule was the rule created in Bailey v. United States, 516 U.S. 137 (1995), when the Supreme Court held that the "use" element of 18 U.S.C. § 924(c)(1) required the government to prove "active employment of the firearm" rather than mere possession. Id. at 144. In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court determined that Bailey announced a new substantive rule and Teague did not prevent the defendant from raising a claim based on Bailey in collateral proceedings. Id. at 619-20 ("because Teague by its terms applies only to procedural rules, we think it is inapplicable to the situation in which this Court decides the meaning of a criminal statute enacted by Congress."). The Supreme Court has not recognized any new rule of criminal procedure as a watershed rule since Teague was decided. Whorton, 127 S. Ct. at 1181-82.

The government concedes that Begay announced a substantive rule and defendant's claim is not subject to the restrictions of Teague. A rule is procedural if it "merely raise[s] the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise," while a substantive rule "narrows the scope of a criminal statute by interpreting its terms . . . [or] place[s] particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004). In Begay, the Supreme Court construed the ACCA and found that DUI did not fall within the statutory definition of a violent felony. Begay, 128 U.S. at 1588. Therefore, a DUI conviction may not be used to enhance a defendant's sentence under the ACCA and a defendant who was classified as an armed career offender based, in part, on a DUI conviction may have been improperly sentenced. Begay did not craft a new sentencing procedure but, instead, it limited the types of crimes that may treated as predicate offenses under the ACCA. A new rule is substantive if it limits the reach of a federal criminal statute and creates a risk that a person has been punished for "an act that the law does not make criminal" or, in this case, that a person's sentence has been increased based on conduct outside the scope of the federal statute used to enhance the sentence. See Bousley, 523 U.S. at 620-21. The Court finds that Begay announced a new substantive rule, rather than a procedural rule, because Begay limits the authority of a court to increase a defendant's punishment for certain types of conduct. Therefore, Teague is inapplicable and defendant may rely on Begay to challenge his sentence in a § 2255 motion.

Applying Begay, the Court finds that defendant's two prior convictions for DUI were improperly considered as predicate offenses under the ACCA. Even without the two DUI convictions, defendant still has three predicate offenses under the ACCA and the application of Begay has no effect on defendant's sentence. Defendant's claim that larceny from a person is not

a violent felony under the ACCA was raised and denied on direct appeal and defendant is procedurally barred from raising this argument in a § 2255 motion. United States v. Chiquito, 526 F.3d 1310, 1311 (10th Cir. 2008) (claims raised on direct appeal could not be raised in a § 2255 motion); United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (district court may not consider claims in a § 2255 motion that were raised and disposed of on direct appeal); United States v. Prichard, 875 F.2d 789 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."). Unlike defendant's argument based on Begay, there has been no intervening change in the controlling law and this claim was fully resolved on direct appeal. Therefore, defendant's conviction for larceny from a person constitutes a violent felony under the ACCA and he has three prior violent felonies. The application of Begay does not impact defendant's sentence and he is not entitled to relief under § 2255.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. # 46) is **denied**. A separate judgment is entered herewith.

**DATED** this 28th day of July, 2008.

_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT