**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-0111-CVE |
| ) | (08-CV-0261-CVE-FHM) |
| ALEX SONNI GLOVER, JR., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Reconsider Earlier Denial of Motion Pursuant to 28 U.S.C. § 2255 (Dkt. # 55). On July 28, 2008, the Court denied defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. # 50. Defendant filed a motion to reconsider, arguing that the Court erred when it denied his § 2255 motion because his conviction for larceny from a person under Nevada law should not have been treated as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). He argued that the Supreme Court's decisions in Shepard v. United States, 544 U.S. 13 (2005), and United States v Begay, 128 S. Ct. 1581 (2008), show that larceny from a person is not a violent felony and he should be re-sentenced without application of the ACCA. He also claimed that he did not receive the government's response and, therefore, he did not file a reply in support of his § 2255 motion. The Court granted his motion to reconsider to the limited extent that a procedural irregularity may have occurred, and permitted defendant to file a supplemental brief raising any arguments that he could have included in a reply.

Defendant's supplemental brief does not raise any arguments that could have been considered when ruling on his § 2255 motion, nor does the supplemental brief show a procedural

irregularity occurred which prejudiced defendant during the Court's review of his § 2255 motion. The sole argument raised in defendant's supplemental brief concerns this Court's decision to treat his conviction for larceny from a person as a violent felony under the ACCA. Defendant has raised this issue on numerous occasions and it has been rejected each time. Defendant's attorney raised this issue at the sentencing hearing and on direct appeal. This Court determined that defendant's conviction for larceny from a person was a violent felony and the Tenth Circuit Court of Appeals affirmed this ruling on appeal. Dkt. # 38, at 5-8; Dkt. # 43, at 7-8. The government has chosen not to file a response to defendant's supplemental brief, but this issue was addressed, procedurally and substantively, in the government's response to defendant's § 2255 motion.

Defendant has not shown that "some defect in the integrity of the federal habeas process" prejudiced him or resulted in an incorrect ruling on his claims, and his motion to reconsider is not a "true" motion to reconsider. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Defendant may not use a motion to reconsider to challenge this Court's ruling on the merits of his § 2255 motion. Id. However, his supplemental brief directly challenges this Court's ruling that defendant's argument concerning his Nevada conviction for larceny from a person was conclusively resolved on direct appeal. In its Opinion and Order denying defendant's § 2255 motion, the Court noted that issues decided on direct appeal may not be raised in a § 2255 motion. See Dkt. # 50, at 8. Because defendant raised this precise argument on direct appeal, he is barred from raising any argument about the applicability of his conviction for larceny from a person under the ACCA in a § 2255 motion. Regardless of whether defendant received the government's response to his § 2255 motion, it is clear that a procedural bar preventing collateral attack of appellate decisions, rather than a

procedural irregularity during these proceedings, forecloses defendant's argument that his conviction for larceny from a person was not a violent felony.

Even if the Court were to consider defendant's argument, it is clear that his claim concerning the treatment of his conviction for larceny from a person as a violent felony is procedurally barred. Defendant attempts to avoid the procedural bar on this claim by arguing that he did not receive a full and fair hearing on his argument, because his attorney did not raise all relevant judicial precedent at his sentencing hearing. While this sounds like an ineffective assistance of counsel claim, defendant adamantly contends that he is not raising an ineffective assistance of counsel claim in his supplemental brief. He states:

> The defendant is not arguing ineffective assistance of counsel. The defendant only wants to make the case of showing the court that both counsels failed to adequately develop the record with ripe case law that was readily available that could have made a difference in the outcome of his case. Again, this is not an attempt to argue new issues.

Dkt. # 60, at 2. Although defendant attempts to distinguish the argument raised in his supplemental brief from an ineffective assistance of counsel claim, his attempt is unsuccessful. There is no meaningful distinction between claiming that counsel was ineffective and defendant's argument that counsel did not adequately develop the record with all relevant case law. Defendant did not raise an ineffective assistance of counsel claim in his § 2255 motion and he is barred from raising this claim in a supplemental brief long after the statute of limitations has expired.

Lastly, the Court notes that defendant's argument was thoroughly reviewed at his sentencing hearing and the Court has no hesitation in concluding that defendant's conviction for larceny from a person was a violent felony. At defendant's sentencing hearing, the Court determined that defendant observed the theft victim, grabbed the victim's money directly from her person, and

twisted her arm. Dkt. # 38, at 5-6. Under 18 U.S.C. § 924(e), a violent felony is defined as a crime punishable by more than one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury of another . . . .

Although defendant disputes that he grabbed the victim's arm, the Court relied on information in the charging document and presentence report from Nevada, which supported a finding that he twisted the victim's arm during commission of the crime. The Court properly considered this evidence when making its decision. See Shepard, 544 U.S. at 26. When defendant was sentenced, every federal appellate court to consider the issue treated larceny from a person as an inherently violent felony and no intervening authority, including Begay, has changed this rule. See United States v. Howze, 343 F.3d 919 (7th Cir. 2003); United States v. Griffith, 301 F.3d 880 (8th Cir. 2002); United States v. Payne, 163 F.3d 371 (6th Cir. 1998). In any event, the crime committed by defendant involved the use of actual physical force against the victim and it was a violent felony under the ACCA.

**IT IS THEREFORE ORDERED** that defendant's Motion to Reconsider Earlier Denial of Motion Pursuant to 28 U.S.C. § 2255 (Dkt. # 55) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to forward a supplemental preliminary record, including a copy of this order and an updated docket sheet, to the Tenth Circuit Court of Appeals. See Dkt. # 59, at 2.

**DATED** this 26th day of September, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT