**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-0111-CVE |
| ) | |
| ALEX SONNI GLOVER, JR., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Petition - Challenge Illegal Sentencing Enhancement Pursuant to Title 28 U.S.C. § 2241 Claiming 'Actual Innocent' of a Non-Qualifying Prior Misdemeanor Invalid under the Provisions Pursuant to U.S.S.G. § 4B1.4(c)(3) (Dkt. # 69).[1] He claims that the Court used a "misdemeanor-felony" to improperly enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), and he was not subject to the 15 year mandatory minimum sentence required by the ACCA. Dkt. # 70, at 8. He states that he seeks relief under 28 U.S.C. § 2241, because it would be futile to request leave to pursue a second or successive motion under 28 U.S.C. § 2255. Dkt. # 69, at 6.

Defendant was charged with possessing a firearm after former felony conviction under 18 U.S.C. § 922(g)(1), and he pled guilty to the charged offense. The Court found that defendant had at least three prior convictions for violent felonies under § 924(e), and he was sentenced to the statutory mandatory minimum sentence of 180 months. Dkt. # 29, at 2. Defendant appealed his conviction and sentence to the Tenth Circuit Court of Appeals, and the Tenth Circuit affirmed. Dkt.

---

[1] The motion has been docketed as a motion for leave to file a second or successive § 2255 motion.

# 43. The Tenth Circuit rejected defendant's argument that his conviction for larceny from a person was improperly treated as a violent felony. Dkt. # 43, at 7-8. Defendant filed a motion to vacate, set aside, or correct sentence under § 2255 asserting, inter alia, that his convictions for driving under the influence (DUI) could not be treated as violent felonies based on the Supreme Court's decision in United States v. Begay, 553 U.S. 137 (2008). The Court found that Begay applied retroactively and defendant's DUI convictions could not be used to enhance his sentence under the ACCA. Dkt. # 50, at 7. However, defendant had three other violent felonies in addition to his DUI convictions, and he was still eligible for sentencing under the ACCA. Id. at 7-8. The Court also found that defendant could not challenge the status of his conviction for larceny from a person as a violent felony under § 924(e), because he raised this claim on direct appeal and it was rejected by the Tenth Circuit. Id. at 8. The Court denied defendant's § 2255 motion, and defendant sought a certificate of appealability from the Tenth Circuit. The Tenth Circuit stated that the sole argument raised in defendant's motion for certificate of appealability was his claim that his conviction for larceny from a person was not a violent felony. The Tenth Circuit found that this argument was considered and rejected on direct appeal, and dismissed his appeal from the denial of his § 2255 motion. Dkt. # 67, at 4.

Defendant again challenges his eligibility for sentencing under the ACCA, and argues that his conviction for larceny from a person was not a violent felony. He claims that the Court may consider his motion as a petition for habeas corpus under § 2241. However, the Court lacks jurisdiction to hear defendant's motion. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). Defendant is incarcerated at a federal

2

correctional institution in Fort Worth, Texas, and if intends to pursue relief under § 2241 he must file his motion in the United States District Court for the Northern District of Texas. The Court also notes that defendant is not challenging the execution of his sentence but, instead, is challenging the legality of his continued detention. This is a direct attack on the validity of his sentence and defendant must seek relief under § 2255. Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.").

Defendant has already filed a § 2255 motion and that motion has been fully adjudicated by this Court and the Tenth Circuit. To obtain relief under § 2255, defendant must request leave to file a second or successive § 2255 motion. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission to file a second or successive § 2255 from the Tenth Circuit. See 28 U.S.C. § 2255(h); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Defendant acknowledges that it is futile to seek relief

under § 2255 because he does not meet the filing requirements for a second or successive § 2255 motion, and defendant's motion would also be dismissed for lack of subject matter jurisdiction if treated as a request to file a second or successive § 2255 motion. The Court also notes that the issue raised in defendant's motion has been considered and rejected by the Tenth Circuit, and the interests of justice do not require this Court to transfer this matter to the Tenth Circuit.

**IT IS THEREFORE ORDERED** that defendant's Motion to Petition - Challenge Illegal Sentencing Enhancement Pursuant to Title 28 U.S.C. § 2241 Claiming 'Actual Innocent' of a Non-Qualifying Prior Misdemeanor Invalid under the Provisions Pursuant to U.S.S.G. § 4B1.4(c)(3) is **dismissed for lack of subject matter jurisdiction**.

**DATED** this 15th day of November, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT