**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-0111-CVE |
| ) | (13-CV-0472-CVE-FHM) |
| ALEX SONNI GLOVER, JR., ) | |
| a/k/a ALEX M. GLOVER, JR., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 80). Defendant Alex Sonni Glover, Jr. argues that he should be resentenced without application of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), based on the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013). He claims that his motion is timely under 28 U.S.C. § 2255(f)(3) and (f)(4),[1] because his motion was filed within one year of the Descamps decision and Descamps created a newly recognized right that is applicable to cases on collateral review.

On July 8, 2005, a grand jury returned a one count indictment charging defendant with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the indictment listed three prior felony convictions. Dkt. # 2. Defendant pled guilty to the charge in the indictment

---

[1] Defendant cites § 2255(f)(4), which states that the one year limitations period for the filing of an initial § 2255 motion runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Defendant's motion is based on a purely legal issue and he provides no additional facts in support of his motion and, even if this were defendant's initial § 2255 motion, defendant's motion could not be considered timely under § 2255(f)(4).

and a pre-sentence investigation report (PSR) was prepared by the United States Probation Office. The PSR noted that defendant had five prior convictions that qualified as violent felonies under the ACCA, and defendant was subject to a mandatory minimum sentence of 15 years under the ACCA. One of those convictions was a 1966 Nevada conviction for larceny from a person, and defendant also had two prior felony convictions for driving under the influence of alcohol (DUI). On January 5, 2006, defendant was sentenced to 180 months imprisonment, and judgment and commitment was entered on January 19, 2006. Dkt. # 29, at 2. Defendant filed a notice of appeal and, on February 5, 2007, the Tenth Circuit Court of Appeals affirmed defendant's conviction and sentence. Defendant filed a petition for writ of certiorari from the United States Supreme Court, and his petition was denied on May 14, 2007. Dkt. # 45. On May 2, 2008, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 46), and the Court found that defendant's motion was timely. Defendant argued that in <u>Begay v. United States</u>, 553 U.S. 137 (2008), the Supreme Court found that a felony DUI conviction was not a violent felony under the ACCA. The government conceded that defendant's DUI convictions should not have been counted as violent felonies, and the Court found that "defendant's two prior convictions for DUI were improperly considered as predicate offenses under the ACCA." Dkt. # 50, at 7. However, defendant still had three prior convictions for violent felonies and he was still subject to the statutory mandatory minimum sentence of 15 years under the ACCA. Defendant sought a certificate of appealability from the Tenth Circuit, but the Tenth Circuit denied his request for a certificate of appealability and dismissed his appeal. Dkt. # 67. Defendant filed a motion for relief under 28 U.S.C. § 2241 and he argued that his conviction for larceny from a person was not a violent felony. Dkt. # 69. The Court found that defendant was attacking the validity of his sentence and his motion

should be construed as a second or successive § 2255. Dkt. # 72. Defendant next filed a motion for relief under Fed. R. Civ. P. 60(b)(6), and he argued that the Court committed procedural error by using the modified categorical approach to find that his conviction for larceny from a person was a violent felony. Dkt. # 76. The Court found that defendant's motion was not a "true" Rule 60(b) motion and defendant was actually attacking the validity of his sentence. Thus, defendant's motion was actually a second or successive § 2255 motion and the Court dismissed the motion for lack of jurisdiction. Dkt. # 77. Defendant sought authorization from the Tenth Circuit to pursue his claims through a second or successive § 2255 motion, but the Tenth Circuit denied his request and found that he had previously raised the same arguments in numerous prior filings. Dkt. # 79. Defendant has now filed another § 2255 motion (Dkt. # 80) challenging his sentence under the ACCA. He claims that the Supreme Court's decision in <u>Descamps</u> constitutes an intervening change in the law and he has filed his motion within one year of the <u>Descamps</u> decision. <u>Descamps</u> was decided by the Supreme Court on June 20, 2013.

Defendant argues that his motion is timely under § 2255(f)(3), which states that the one year limitation period for filing an initial § 2255 motion shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, defendant has already filed a § 2255 motion, and his motion was denied. Dkt. # 46. He has also filed numerous motions that have been construed as second or successive § 2255 motions, and defendant's motions have been dismissed for lack of jurisdiction. Defendant's motion (Dkt. # 80) also challenges the validity of his conviction and sentence, and the motion should be treated as a

3

second or successive § 2255 motion. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). In order for a federal prisoner to proceed under § 2255(h)(2), the Supreme Court must explicitly hold that a new rule applies to cases on collateral review. Bey v. United States, 399 F.3d 1266 (10th Cir. 2005).

      The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the

4

interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Even though the Court lacks jurisdiction over defendant's motion, the Court must consider whether the motion should be transferred to the Tenth Circuit or dismissed for lack of jurisdiction. Defendant argues that Descamps announced a new rule of law that was made applicable to cases on collateral review and that he would not be subject to sentencing under the ACCA based on the ruling in Descamps. In Descamps, the Supreme Court held that the California statute for burglary in the first degree was nondivisible and the district court erred by applying the modified categorical approach when sentencing the defendant under the ACCA. Descamps, 133 S. Ct. at 2285-86. Under the categorical approach, the Supreme Court found that the California burglary statute did not require breaking and entering as an element of the offense and a conviction under the statute did not constitute a generic burglary offense under the ACCA. Id. at 2292-93. Descamps concerns a matter of statutory interpretation as to whether a certain crime qualifies as a violent felony under the ACCA, and it did not announce a new rule of constitutional law. The Tenth Circuit has found that intervening judicial interpretations of statutory law, such as the ACCA, do not constitute a new rule of constitutional law under § 2255(h)(2). Abernathy v. Wandes, 713 F.3d 538, 546-47 (10th Cir. 2013) (second or successive § 2255 could not be filed based on the Supreme Court's decision in Chambers v. United States, 555 U.S. 122 (2009), because Chambers announced a new interpretation of the ACCA rather than a rule of constitutional law); United States v. Williams, 363 Fed. App'x 576 (10th Cir. Jan. 27, 2010) (Begay v. United States, 553 U.S. 137 (2008), provided a new

5

interpretation of the ACCA but it did not constitute a new rule of constitutional law).[2]  Descamps did not announce a new rule of constitutional law and it is not likely that the Tenth Circuit would authorize the filing of a second or successive § 2255 motion.  The Court also notes that defendant has raised similar arguments based on other intervening Supreme Court decisions interpreting the ACCA, and his other second or successive § 2255 motions have also been dismissed for lack of jurisdiction.  The Court declines to transfer defendant's motion (Dkt. # 80) to the Tenth Circuit and finds that defendant's motion should be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 80) is **dismissed for lack of jurisdiction**.  A separate judgment of dismissal is entered herewith.

**DATED** this 13th day of August, 2013.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

6