UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CR-0111-CVE |
| ) | Civil Case No. 16-CV-262-CVE-FHM |
| ALEX SONNI GLOVER, Jr. ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 87). Defendant Alex Sonni Glover, Jr., argues that his sentence should be reduced in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), because defendant's prior conviction for larceny from a person is no longer a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). The government does not oppose defendant's motion, and the parties agree that defendant's sentence should be reduced to statutory maximum of 10 years and a term of supervised release of three years.

On July 8, 2005, a grand jury returned an indictment charging defendant with being a felon in possession of a firearm in violation of 18 U.S.C.§ 922(g)(1). Defendant pled guilty to the charge and a presentence investigation report (PSR) was prepared by the United States Probation Office. Under 18 U.S.C. § 924(a)(2), the maximum sentence for a violation of § 922(g) is ten years, but a defendant faces a statutory mandatory minimum sentence of 15 years if he has three prior convictions that qualify as drug trafficking offenses or violent felonies under the ACCA. The PSR stated that defendant had five prior convictions that qualified as violent felonies under the ACCA. Defendant had two convictions for robbery with a firearm, two convictions for driving under the

influence of alcohol, and a conviction for larceny from a person. Defendant had at least three convictions that qualified as violent felonies under the ACCA, and the Court sentenced defendant to the statutory mandatory minimum of 180 months. See Dkt. # 29. Defendant filed an appeal, inter alia, challenging his sentence, and he argued that this prior convictions for driving under the influence and larceny from a person were not violent felonies. The Tenth Circuit rejected defendant's arguments and affirmed his sentence. Dkt. # 43.

Defendant filed a § 2255 motion (Dkt. # 46) arguing that his convictions for driving under the influence could no longer be considered violent felonies under the Supreme Court's decision in Begay v. United States, 128 S. Ct. 1581 (2008). The Court agreed and found that defendant's two prior convictions for driving under the influence could not be considered predicate offenses under the ACCA. Dkt. # 50, at 6-7. However, this did not impact defendant's sentence because he still had three prior convictions that qualified as violent felonies under the ACCA. Id. at 8. The Court denied defendant's § 2255 motion and this ruling was affirmed by the Tenth Circuit. Dkt. # 67. Defendant filed multiple second or successive § 2255 motions in this Court and these motions were dismissed for lack of jurisdiction. Dkt. ## 69, 76, 80.

On June 26, 2015, the Supreme Court issued its decision in Johnson and determined that the residual clause in § 924(e)(2)(B) was unconstitutionally vague.[1] In a subsequent decision, the Supreme Court held that Johnson announced a new rule of substantive law that was applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016). Defendant argues that his conviction for larceny from a person can no longer be considered a violent felony, because the

---

[1] Under the residual clause, a prior conviction was treated as a violent felony if the crime "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

2

statute of conviction does have as an element the use or threatened use of force and it qualified as a violent felony based only on the residual clause. Dkt. # 88, at 6-7. Defendant was convicted of larceny of a person under NEV. REV. STAT. § 205.270 (2011), which makes it a crime take the property of another "under circumstances not amounting to robbery." The Tenth Circuit previously determined that the crime of larceny from a person "present[ed] a serious risk of physical injury," and this was clearly a finding that defendant's conviction for larceny from a person was a violent felony under the residual clause. Dkt. # 43, at 8. The statute of conviction does not contain as an element the use or threatened use of force and involves only the taking of another person's property with the intent to steal, even if no force or threatened force was involved. In light of Johnson, defendant's conviction for larceny from a person no longer qualifies as a violent felony under § 924(e)(2)(B).

The Court finds that defendant no longer has three prior convictions that qualify as predicate offenses under the ACCA, and he cannot be sentenced under § 924(e). Instead, the maximum sentence for defendant's offense is 10 years as set forth in § 924(a)(2). Defendant's sentence of 180 months exceeds the statutory maximum of 10 years authorized under § 924(a)(2), and the judgment and commitment (Dkt. # 29) should be vacated. To expedite the proceedings, the parties have agreed that defendant should be resentenced to the statutory maximum of 10 years imprisonment and a term of three years of supervised release. Dkt. # 88, at 8; Dkt. # 90, at 6. The judgment and commitment (Dkt. # 29) was filed on January 19, 2006, and the parties agree that defendant has served more than the statutory maximum term of imprisonment. Defendant's § 2255 should be granted and he should be immediately released from prison due to the fact that his time served exceeds the statutory maximum term of imprisonment.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.§ 2255 (Dkt. # 87) is **granted**, and the judgment and commitment (Dkt. # 29) is **vacated**.

**IT IS FURTHER ORDERED** that an amended judgment and commitment shall be entered forthwith.

**IT IS FURTHER ORDERED** that the Bureau of Prisons is hereby directed to immediately release defendant Alex Sonni Glover, Jr. from custody.

**DATED** this 12th day of May, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE